# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BROADCAST MUSIC, INC., et al., | Case No. 1:14-cv-01394-JAM-SAB |
|---|---|
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT BE PARTIALLY GRANTED |
| v. | |
| AUDIE STEVEN PARDON, | ECF NO. 17 |
| Defendant. | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

On January 21, 2015, Plaintiffs Broadcast Music, Inc., Universal-Songs of Polygram International, Inc., Sony/ATV Songs LLC, and Lost Boys Music (all plaintiffs collectively referred to as "Plaintiffs") filed a motion for default judgment. (ECF No. 17.) The motion for default judgment was referred to the undersigned magistrate judge for Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72. See Local Rule 302(c)(19).

The hearing on the motion for default judgment took place on March 4, 2015. Karen S. Frank appeared on behalf of Plaintiffs. No one appeared on behalf of Defendant Audie Steven Pardon ("Defendant"). For the reasons set forth below, the Court recommends that Plaintiffs'

1

motion for default judgment be partially granted.[1]

## I.

## BACKGROUND

Plaintiffs filed the complaint in this action on September 5, 2014. (ECF No. 1.) Plaintiffs sued Defendant for copyright infringement. (Compl. ¶ 1.) Plaintiffs raised four claims of copyright infringement arising from Defendant's unauthorized public performance of four musical compositions from the BMI Repertoire. (Compl. ¶ 11.) The four songs were "Jessie's Girl," "Mammas Don't Let Your Babies Grow Up To Be Cowboys," "Take On Me," and "Total Eclipse Of The Heart." (Compl., at pp. 5-6.) Plaintiffs allege that these songs were publicly played without authorization at Defendant's business establishment, known as Audie's Olympic/Club Fred, located at 1426 North Van Ness Avenue, Fresno, California 93728. (Compl. ¶ 9.) Plaintiffs allege that the infringement occurred on June 22, 2014. (Compl., at pp. 5-6.)

Plaintiffs sought and obtained entry of default against Defendant on October 7, 2014. (ECF Nos. 12, 14.) Defendant has not filed a responsive pleading or otherwise appeared in this action. Plaintiff filed the present motion for default judgment on January 21, 2015. (ECF No. 17.)

## II.

## LEGAL STANDARDS PERTAINING TO DEFAULT JUDGMENT

Entry of default judgment is governed by Federal Rule of Civil Procedure 55(b), which states, in pertinent part:

> (2) **By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury

---

[1] The partial grant language results from the Court's analysis regarding attorney's fees being requested and the Court's reduction due to the analysis provided herein.

2

```
trial—when, to enter or effectuate judgment, it needs to:
(A)   conduct an accounting;
(B)   determine the amount of damages;
(C)   establish the truth of any allegation by evidence; or
(D)   investigate any other matter.
```

Upon entry of default, the complaint's factual allegations regarding liability are taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1235 (E.D. Cal. 2008). However, the complaint's factual allegations relating to the amount of damages are not taken as true. Geddes, 559 F.2d at 560. Accordingly, the amount of damages must be proven at an evidentiary hearing or through other means. Microsoft Corp., 549 F. Supp. 2d at 1236. Per Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

Entry of default judgment is committed to the Court's discretion. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has set forth the following factors for the court is to consider in exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.

## III.

## DISCUSSION

**A.   The Balance of the Eitel Factors Weigh in Favor of Default Judgment**

For the reasons set forth below, the Court finds that default judgment is appropriate after consideration of each of the Eitel factors.

1.   Prejudice to Plaintiffs if Default Judgment is Not Granted

If default judgment is not entered, Plaintiff is effectively denied a remedy for the violations alleged in this action until such time as the defendants in this action decide to appear

in the litigation, which may never occur. Accordingly, the Court finds that this factor weighs in favor of default judgment.

### 2. The Merits of Plaintiffs' Substantive Claims and Sufficiency of the Complaint

The Court is to evaluate the merits of the substantive claims alleged in the complaint as well as the sufficiency of the complaint itself. In doing so, the Court looks to the complaint to determine if the allegations contained within are sufficient to state a claim for the relief sought. Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

Plaintiffs' complaint alleges violations of the United States Copyright Act. Under 17 U.S.C. § 106, the owner of a copyright has the exclusive rights to perform the copyrighted work publicly. Under 17 U.S.C. § 501, the owner of a copyright may institute an action against an infringer of that copyright. "To establish a prima facie case of copyright infringement, a plaintiff must demonstrate (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Range Road Music, Inc. v. East Coast Foods, Inc., 668 F.3d 1148, 1153 (9th Cir. 2012) (quoting Funky Films, Inc. v. Time Warner Entertainment Co., 462 F.3d 1072, 1076 (9th Cir. 2006) (internal quotations omitted).

Here, Plaintiffs allege that they own valid copyrights for the songs "Jessie's Girl," "Mammas Don't Let Your Babies Grow Up To Be Cowboys," "Take On Me," and "Total Eclipse Of The Heart." Plaintiffs further allege that Defendant infringed upon the copyright by publicly performing these songs at Defendant's business establishment on June 22, 2014. Accordingly, the Court finds that Plaintiffs' complaint states sufficient allegations to support a cognizable claim for copyright infringement. This factor weighs in favor of default judgment.

### 3. The Sum of Money at Stake in the Action

Default judgment is disfavored where large amounts of money are involved or the award would be unreasonable in light of the defendant's actions. G & G Closed Circuit Events, LLC v. Nguyen, No. 3:11-cv-06340-JW, 2012 WL 2339699, at *2 (N.D. Cal. May 30, 2012). In this case, Plaintiffs' seek statutory damages totaling $20,000.00, which represents four $5,000.00 awards associated with four claims of copyright infringement. Plaintiffs also seek costs and attorney's fees in the amount of $4,755.00 under 17 U.S.C. § 505, which authorizes an award of

reasonable attorney's fees in copyright infringement actions.

The Court finds that only a relatively small amount of money is involved in this action and, therefore, this factor weighs in favor of default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

Due to the factual allegations in the complaint being taken as true upon Defendants' default, there are no genuine of issues of material fact in dispute in this action. Accordingly, this factor weighs in favor of granting default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

Defendants have failed to file a responsive pleading or oppose the motion for default judgment. There is no evidence before the Court that this failure was due to excusable neglect. Therefore, this factor weighs in favor of granting default judgment.

### 6. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

The policy favoring decisions on the merits always weighs against entering default judgment. However, in this instance the factors favoring default judgment outweigh the policy favoring a decision on the merits.

**B.   Relief Requested**

1.   Injunctive Relief

Plaintiffs seek an injunction prohibiting Defendant from engaging any further activities which would constitute copyright infringement. Such relief is expressly authorized by 17 U.S.C. § 502. In copyright infringement actions, "[a]s a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 520 (9th Cir. 1993).

Plaintiffs submitted evidence that Defendant was advised of the copyright infringement issue and was asked to purchase a license for the music performances, but received no response. (Decl. of Brian Mullaney in Supp. of Pls.' Mot. for Def. J. ¶¶ 3-9.) Plaintiffs contacted Defendant numerous times via letters, e-mails, and telephone. (Id.) After these communications, Plaintiffs sent an agent to visit Defendant's business establishment to witness and record the

instances of copyright infringement which occurred on June 22, 2014. (Id. at ¶ 10.) Based upon this sequence of events, the Court finds that there is a threat of continuing violations and injunctive relief is appropriate.

### 2. Statutory Damages

Plaintiffs seek $20,000.00 in statutory damages for four instances of copyright infringement. Under 17 U.S.C. § 504(c):

> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

Plaintiffs note that the license fees Defendant's would have paid to legally perform the songs at issue would have been $4,208.75. Thus, the amounts requested in statutory damages are between three and four times the amount Defendant would have paid in license fees. The Court finds the requested statutory damages to be reasonable and appropriate.

### 3. Attorneys' Fees and Costs

Plaintiff seeks costs and attorneys' fees in the amount of $4,755.00. Recovery of costs, including attorneys' fees, are authorized under 17 U.S.C. § 505. "[U]nder federal fee shifting statutes the lodestar approach is the guiding light in determining a reasonable fee." Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1176 (9th Cir. 2010) (internal punctuation and citations omitted). The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts. First a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. See D'Emanuele [v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1383 (9th Cir. 1990)]; Hensley [v. Eckerhart, 461 U.S. 424,] 461 (1983). The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. See Hensley, 461 U.S. at 433. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." Id. at 434. Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial

>calculation of the lodestar. [footnote omitted] See Blum v. Stenson, 465 U.S. 886, 898-901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); Hensley, 461 U.S. at 434 n. 9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation). The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986) (quoting Blum, 465 U.S. at 898-901); Blum, 465 U.S. at 897; D'Emanuele, 904 F.2d at 1384, 1386; Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1989).

Van Gerwin v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). Under the lodestar method, the court will first determine the appropriate hourly rate for the work performed, and that amount is then multiplied by the number of hours properly expended in performing the work. Antoninetti, 643 F.3d at 1176. The district court has the discretion to make adjustments to the number of hours claimed or to the loadstar, but is required to provide a clear but concise reason for the fee award. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). The loadstar amount is to be determined based upon the prevailing market rate in the relevant community. Blum, 465 U.S. at 896 (1984).

The evidence submitted by Plaintiffs show that attorney Karen S. Frank billed 3.2 hours of time at a rate of $575 per hour, totaling $1,840.00. Attorney Jeremiah J. Burke billed 7.2 hours of time at a rate of $325.00 per hour, totaling $2,340.00. Plaintiffs also identified $575 in costs, from the $400.00 filing fee and $175.00 in process server fees.

Plaintiffs have not submitted any evidence regarding the prevailing market rate for attorneys within this district. The Court notes that Plaintiffs' law firm is in San Francisco, located outside this district. Therefore, the normal hourly rate charged by Plaintiffs' attorneys does not necessarily reflect the prevailing market rate within this district. In a prior case in this district involving Plaintiffs and the same attorneys, the Court awarded attorneys' fees at a rate of $275 per hour for Ms. Frank and $175 per hour for Mr. Burke due to the absence of evidence in the record justifying a different amount. See Broadcast Music Inc. v. Antigua Cantina & Grill,

7

LLC, No. 2:12-cv-1196 KJM DAD, 2013 WL 2244641, at *1-2 (E.D. Cal. May 21, 2013). Accordingly, the Court will recommend that the same rates be applied in this case. The Court recommends that Plaintiff be awarded $2,140.00 in attorneys' fees and $575 in costs.

## IV.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiffs' motion for default judgment be PARTIALLY GRANTED;
2. Plaintiffs be awarded $20,000.00 in statutory damages;
3. Plaintiffs be awarded $2,140.00 in attorneys' fees;
4. Plaintiffs be awarded $575.00 in costs; and
5. An injunction issue enjoining Defendant, his agents, servants, employees, and all persons acting under their permission and authority from infringing, in any manner, the copyrighted musical compositions licensed by BMI.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 4, 2015**

UNITED STATES MAGISTRATE JUDGE